**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LIONELL ELIJAH EPHRAIM,**
a/k/a Lionel Elizah Williams,
    Plaintiff,

v.                                                                 **Civil Action No. 3:14-cv-73**

**UNITED STATES OF AMERICA,**
    Defendant.

## REPORT AND RECOMMENDATION

On July 9, 2014, *pro se* Plaintiff Lionell Elijah Ephraim ("Plaintiff") filed a Complaint initiating this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. (Docket No. 1.) That same day, the Clerk of the Court issued a Notice of Deficient Pleading, directing Plaintiff to file the Court-approved Complaint form, his Consent to Collection of Fees from Trust Account, his Prisoner Trust Account Report, and his ledger sheets. (Docket No. 5.) Plaintiff filed those items on July 28, 2014. (Docket Nos. 8, 9, 10, 11.) On July 29, 2014, the undersigned entered a Report and Recommendation ("R&R") recommending that Plaintiff's motion for leave to proceed *in forma pauperis* be denied because Plaintiff had sufficient funds in his trust account to pay the filing fee of $400.00. (Docket No. 12.) Plaintiff paid the filing fee on August 18, 2014, and on August 19, 2014, United States District Judge Groh entered an Order adopting the undersigned's R&R. (Docket No. 15.)

On September 10, 2014, the undersigned entered an Order directing the Clerk to issue 60-day summonses and forward those to Plaintiff to effect service of process. (Docket No. 18.) Plaintiff filed an Amended Complaint on October 22, 2014. (Docket No. 26.) After receiving an extension of time to do so, the Government filed a motion to dismiss or, in the alternative, motion for summary judgment and memorandum in support on December 19, 2014. (Docket Nos. 30 and 31.) On

December 22, 2014, the undersigned issued notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Petitioner of his right to file material responsive to the Government's motion. (Docket No. 32.) After receiving an extension of time, Plaintiff filed a motion for summary judgment and response to the Government's motion on January 23, 2015. (Docket Nos. 36 and 37.)[1] The Government filed a reply on February 6, 2015. (Docket No. 39.)

## I. Relevant Facts and Procedural History

On August 29, 1990, Plaintiff was arrested in Virginia Beach, Virginia, on charges of robbery and use of a firearm. (Docket No. 31-1 at 3.) On December 10, 1990, Plaintiff appeared before the United States District Court for the Eastern District of Virginia via a writ of habeas corpus *ad prosenquendum*. (Id.) On August 14, 1991, Plaintiff was convicted in the Circuit Court for Virginia Beach of robbery and use of a firearm, and was sentenced to a total aggregate sentence for multiple state sentences. (Id.) On December 12, 1991, Plaintiff appeared before the Eastern District of Virginia and was sentenced to 216 months of imprisonment for convictions of conspiracy to commit robbery, armed robbery, and use of a firearm in commission of a crime. (Id.) The Judgment and Commitment Order entered by the sentencing judge was silent as to whether Plaintiff's federal setnence was to run concurrent with or consecutive to Plaintiff's state sentence. (Id. at 3, 33-37.) After sentencing, Plaintiff was returned to the custody of the Virginia Department of Corrections to complete service of his state sentence, and his federal judgment was lodged as a detainer with the Commonwealth of Virginia. (Id. at 3-4.)

On August 28, 2006, Plaintiff discharged his state sentence and was released into the custody

---

[1] Although Docket No. 36 is Plaintiff's motion for summary judgment and Docket No. 37 is his response to the Government's motion, they are identical documents.

of the United States Marshals Service. (Id. at 4.) The Bureau of Prisons ("BOP") prepared a sentence computation and determined that Plaintiff's federal sentence commenced on August 28, 2006, the date he entered into federal custody. (Id.) The BOP determined that "Plaintiff's federal sentences were not appropriate for a concurrent designation of the Virginia Department of Corrections for service of his federal sentence in Case No. 90-149-N-2."[2] (Id. at 5.)

Plaintiff has filed fifteen (15) administrative remedy requests regarding a *nunc pro tunc* designation "to begin service of his federal sentence on the date he began serving his State of Virginia sentence." (Id. at 7.) Moreover, on October 8, 2009, Plaintiff filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. In his petition, Plaintiff sought "to retroactively have the Virginia Department of Corrections designated as the place for service of his federal sentence, thereby commencing his federal sentence on the date of imposition, December 12, 1991, rather than on August 27, 2006." (Id.) On June 7, 2011, the Eastern District of North Carolina remanded the matter for the BOP to consider Plaintiff's request "for nunc pro tunc designation in accordance with 18 U.S.C. § 3621(b) and [the court's] opinion." (Id. at 7-8, 86.) On July 19, 2011, the BOP evaluated Plaintiff's request for a *nunc pro tunc* designation. His request was "denied based on factors 2, 3, and 4 out of the determinative five factors."[3] (Id. at 8.) Subsequently, on September 22, 2014, Plaintiff was again

---

[2] Prior to being released to federal custody, Plaintiff had written to the BOP to request retroactive (*nunc pro tunc*) designation of his federal sentence. On June 3, 2004, the BOP denied his request. (Docket No. 31-1 at 6, 67.)

[3] Those five factors are: (1) "the resources of the facility contemplated"; (2) "the nature and circumstances of the offense"; (3) "the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)"; (4) "any statement by the court that imposed the sentence"; and (5) "any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." (Docket No. 31-1 at 89); see also 18 U.S.C. § 3621(b).

informed that another request for *nunc pro tunc* designation had been denied. (Id. at 10.)

## II. Contentions of the Parties

*A.    Plaintiff's Complaint*

In his Complaint, Plaintiff raises three (3) claims:

1. Negligence (Breach of Duty)–The Government has breached its legal duty to Plaintiff by neglecting to "(1) investigate and remedy his repeated complaints that his federal consecutive sentence was not authorized by Congress and is therefore invalid; (2) consider all applicable and relevant factors enumerated under 18 USC § 3621(b) before determining to grant or deny his nunc pro tunc request; and (3) grant his nunc pro tunc request where certain substantive predicates of its rules are satisfied and mandate the granting of his request";

2. False Imprisonment–"The United States, without lawful authority, has falsely imprisoned the plaintiff in violation of the laws of West Virginia and of the Federal Constitution"; and

3. Negligence, Negligence Per Se, and Negligent Supervision and Training–The Government has "(1) repeatedly failed to comply with the statutory requirement to give individualized consideration to all applicable and relevant factors enumerated under 18 U.S.C. § 3621(b) before deciding to grant or deny his concurrent designation request; (2) repeatedly failed to investigate and remedy his unauthorized sentence complaint as required by its own policies and federal law; (3) failed to grant his concurrent designation request where certain substantive predicates of its own rules are satisfied and mandate that result; and (4) failed to properly train and supervised FBOP employees in (a) giving the required individualized consideration to his concurrent designation request, and in (b) investigating and providing a remedy to his repeated unauthorized sentence complaints as obligated by its own policies and federal law."

(Docket No. 26 at 7-21.) As relief, Plaintiff seeks compensatory and punitive damages in the amount of $7,000,000.00. (Id. at 21.)

*B.    Defendant's Motion to Dismiss or for Summary Judgment*

The Government contends that Plaintiff is not entitled to relief for the following reasons:

1. Plaintiff's Complaint is barred by the Heck doctrine;

2. Plaintiff fails to establish that the BOP was negligent in refusing to retroactively designate his federal sentence or denying his administrative remedies regarding his *nunc pro tunc* designation;

3. Plaintiff fails to state a claim for which relief could be granted for alleging that Defendant was negligent in denying his administrative remedy requests for a retroactive designation; and

4. Because Plaintiff's federal sentence has been computed correctly, he has no damages under a theory of false imprisonment for which this Court may grant relief.

(Docket No. 31 at 11-18.)

C. *Plaintiff's Motion for Summary Judgment/Response*

Plaintiff asserts the following in his combined motion for summary judgment and response to the Government's motion:

1. The Government's asserted Heck bar is inapplicable to his claims; and

2. Summary judgment is appropriate in Plaintiff's favor where material facts of his case are not in dispute.

(Docket No. 36 at 2-8.)

D. *Defendant's Reply*

In its reply, the Government argues that Plaintiff "does not contest the fact that a nunc pro tunc designation evaluation was conducted by the Bureau of Prisons, nor that the Bureau of Prisons did reconsider his concurrent designation request in July 2011, after being ordered to do so by the District Court for the Eastern District of North Carolina." (Docket No. 39 at 1.) The Government again states that the Heck doctrine applies because Plaintiff is challenging the result of his *nunc pro tunc* designation evaluation, which implicitly questions the duration of his sentence. (Id. at 2.) The

Government asserts that "regardless of whether the *Heck* doctrine applies, Plaintiff has further failed to allege any negligence on the part of the Bureau of Prisons in conducting its evaluation." (Id.)

### III. Standard of Review

#### A. *Motion to Dismiss*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely

"conceivable," id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### B. *Motion for Summary Judgment*

A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). In applying the standard for summary judgment, a court must review all evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the court of the basis for the motion and of establishing the nonexistence of genuine issues

7

of fact. Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . .must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587 (citation omitted). When considering cross motions for summary judgment, as is the case here, the court "must review each motion separately on its merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris, Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997).

## IV. Analysis

The FTCA waives the Government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). It also "permits the United States to be held

8

liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The Government cannot be sued, however, unless Congress has waived the Government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953).

As noted above, Plaintiff is seeking $7,000,000.00 for injuries he allegedly suffered based upon the BOP's evaluation and denial of his request for a *nunc pro tunc* designation for his federal sentence. In effect, Plaintiff is challenging the sentence imposed by the United States District Court for the Eastern District of Virginia. As to actions like this, the Supreme Court has explained that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis added); see also Muhammad v. Close, 540 U.S. 749, 751 (2004) (noting that Heck applies "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence").

Although Heck involved a claim pursuant to 42 U.S.C. § 1983, "it is settled that its holding also applies to other types of claims raised by prisoners and not exclusively to causes of action under § 1983." Deleston v. United States, C/A No. 6:12-cv-1108-DCN-KFM, 2012 WL 1949374, at *2

9

(D.S.C. May 11, 2012), adopted by 2012 WL 1940754 (D.S.C. May 29, 2012). Several courts have held that the Heck doctrine bars claims brought by federal prisoners under the FTCA. See Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) (concluding that the "FTCA, like § 1983, is 'not [an] appropriate vehicle[] for challenging the validity of outstanding criminal judgments'"); Bradshaw v. Jayaraman, 205 F.3d 1339, *2 (6th Cir. 1999) (noting that the "holding in Heck bars such actions, whether brought under Bivens . . . or the FTCA"); Deleston, 2012 WL 1949374, at *2 (collecting cases).

The Court finds Medrano-Arzate v. United States, No. 4:10CV0720, 2010 WL 4321541 (N.D. Ohio Oct. 26, 2010), to be instructive in this matter. In Medrano-Arzate, the plaintiff sought "5 million for injuries he allegedly suffered based on the BOP's investigation into matters relating to the length of his federal sentence." Id. at *3. The plaintiff claimed that the defendants "were negligent and engaged in malicious abuse of process." Id. at *1. The Northern District of Ohio noted that Plaintiff's claim was "in effect, a challenge to the sentence imposed by the United States District Court for the Southern District of Florida, a right of action that has not yet accrued." Id. at *3. Specifically, the Court wrote:

> Mr. Medrano-Arzate's sentence has not been set aside by the District Court in Florida. To the extent he had a statutory right to sentencing credit pursuant to 18 U.S.C. § 3585, the issue was already addressed when the BOP credited almost 12 months to his federal sentence. What remains is his assertion that his federal sentence commenced in May 2005. As a matter of law, he cannot sustain this claim.

Id. at *4. The court applied the Heck doctrine to make that determination. Id.

Here, like in Medrano-Arzate, Plaintiff is seeking monetary damages based upon the BOP's alleged negligence in evaluating and denying his request for a *nunc pro tunc* designation. In his motion for summary judgment, Plaintiff argues that Heck does not apply because "he is challenging

10

the 'procedures' used in determining his 'suitability' for concurrent designation and not the validity of his confinement or his sentence." (Docket No. 36 at 3.) The undersigned cannot agree. Plaintiff's claim is substantially similar to that at issue in Medrano-Arzate, where Heck was applied. Furthermore, as noted above, Heck applies "where success in a prisoner's . . . damages action would implicitly question the validity of conviction or *duration of sentence*." Muhammad, 540 U.S. at 751 (emphasis added). A finding that the BOP was negligent in evaluating and denying Plaintiff's request for a *nunc pro tunc* designation and that it had falsely imprisoned Plaintiff would result in an implicit questioning of the validity of the duration of his sentence. Accordingly, the undersigned finds that Heck applies to bar Plaintiff's Complaint; therefore, the undersigned need not consider whether Plaintiff's claims are meritorious.[4]

## V.  Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the Government's "Motion to Dismiss or, In the Alternative, Motion for Summary Judgment" (Docket No 30) be **GRANTED**, that Plaintiff's "Motion for Summary Judgment" (Docket No. 36) be **DENIED**, and that Plaintiff's Complaint and Amended Complaint (Docket Nos. 1 and 26) be **DISMISSED WITH PREJUDICE**.

---

[4] The undersigned notes that the Southern District for West Virginia recently considered an FTCA Complaint that Plaintiff filed in that district. In that Complaint, Plaintiff claimed that his "Judgment and Commitment Order [was] invalid because it was not properly executed and returned by the United States Marshals Service," and that therefore he was "entitled to compensation for false imprisonment and abuse of process." Ephraim v. United States, No. 1:11-0785, 2014 WL 8392066, at *2 (S.D. W. Va. Sept. 10, 2014). Magistrate Judge R. Clarke Vandervort entered an R&R finding that Heck applied to bar Plaintiff's FTCA claim. Id. at *3. Plaintiff filed objections; however, United States District Judge David Faber recently entered a Memorandum Opinion and Order adopting the R&R and dismissing Plaintiff's Complaint. Ephraim v. United States, No. 1:11-0785, 2015 WL 1481774 (S.D. W. Va. Mar. 31, 2015).

11

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: April 15, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE