# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LIONELL ELIJAH EPHRAIM,**
a/k/a Lionel Elizah Williams,

    Plaintiff,

v.                                                     **CIVIL ACTION NO.: 3:14-CV-73**
                                                            **(GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed R&R. Magistrate Judge Kaull issued his R&R on April 15, 2015. ECF 40. In that filing, he recommends that the Defendant's motion to dismiss or, in the alternative, for summary judgment, [ECF 30], be granted. The magistrate judge also recommends that the Plaintiff's motion for summary judgment, [ECF 36], be denied, and that the Plaintiff's complaint, [ECF 1], and amended complaint, [ECF 26], seeking relief under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680; 18 U.S.C. § 1346, be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Kaull's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at United States Penitentiary, Hazelton, on April 20, 2015. On May 5, 2015, the Court granted the Plaintiff's motion for an enlargement of time, extending the objections deadline. The Plaintiff timely filed his objections to the R&R on May 6, 2015.

## I. Background

On August 29, 1990, the Plaintiff was arrested in Virginia Beach, Virginia. On August 14, 1991, the Plaintiff was convicted in the Circuit Court of Virginia Beach, Virginia, on charges of robbery and the use of a firearm. On December 12, 1991, the Plaintiff appeared in the United States District Court for the Eastern District of Virginia pursuant to a writ of *habeas corpus ad prosequendum*. The court sentenced the Plaintiff on three counts,[1] ordered to run consecutive to each other, resulting in a total sentence of 216 months' imprisonment. The corresponding judgment and commitment order, entered by that court on December 13, 1991, was silent as to whether the Plaintiff's federal sentences

---

[1] Those counts were conspiracy to commit robbery (count one), armed bank robbery (count two) and the use of a firearm in commission of a crime of violence (count three). The Plaintiff was sentenced to sixty months on count one, ninety-six months on count two and sixty months on count three.

2

were to run concurrent with or consecutive to the Plaintiff's already imposed state sentence.² The Plaintiff was discharged from his sentence with the Commonwealth of Virginia on August 28, 2006, at which time he entered exclusive federal custody and the service of his federal term of imprisonment began. While serving his federal term, the Plaintiff has filed fifteen administrative remedy requests with the BOP seeking a nunc pro tunc order which would retroactively designate a Commonwealth of Virginia facility as the place of the Plaintiff's federal incarceration, thereby creating a retroactive concurrency and substantially decreasing the length of the Plaintiff's remaining federal sentence.

Under the appropriate circumstances and upon an inmate's request for nunc pro tunc retroactive designation, the BOP will conduct a review in accordance with 18 U.S.C. § 3621(b). Pursuant to that provision, the BOP "shall designate the place of the prisoner's imprisonment." § 3621(b). The BOP may designate any available facility that meets minimum health and habitability standards, "whether maintained by the Federal Government or otherwise." Id. "The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." Jefferson v. Berkebile, 688 F. Supp. 2d 474, 486 (S.D.W. Va. 2010) (citing United States v. Evans, 159 F.3d 908, 911-12 (4th Cir.

---

² While the judgment and commitment order was silent on this point, a review of the transcript from the Plaintiff's sentencing hearing before United States District Judge John A. MacKenzie on December 12, 1991, indicates that, if the sentencing court had any intent as to the relationship between the Plaintiff's federal and state sentences, it was that the federal sentences were to run consecutive to his state sentence.

Judge MacKenzie stated that he "ran some of the counts together as being all part of the same thing in order to move the sentence down to what I thought was reasonable." The judge indicated that he took such action because "in light of the time that is left in the state system . . . if I wound this thing up like the guidelines would have it, we would end up with nearly 400 months, and I think that's overwhelming." Such an analysis would have been irrelevant if Judge MacKenzie had intended to order the Plaintiff's federal sentences to run concurrently with his state sentence. At the end of the hearing, the Plaintiff's attorney stated, "Your Honor, I'm sorry. While I was writing, was any of Count 1 or Count 2 indicated to be run concurrent with anything?" Judge MacKenzie replied, "No. All those are consecutive. 60, 96 and 60 . . . ."

3

1998)). The BOP should consider the following factors, as appropriate, when determining the proper place of imprisonment under § 3621(b):

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence–
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Under this statute, the BOP has the power to order a nunc pro tunc designation of a state facility as the place of imprisonment for a federal prisoner, allowing for a retroactive concurrency through which the federal prisoner can receive credit against his federal sentence for time already served in the state facility. Jefferson, 688 F. Supp. 2d at 487 (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 245-46 (3d Cir. 2005)).

When the BOP denies a prisoner's request for nunc pro tunc designation, the prisoner may raise his claim through the BOP's administrative remedy program. See Setser v. United States, — U.S. —, 132 S. Ct. 1463, 1473 (2012). If the prisoner still does not obtain the requested relief, he may seek a writ of habeas corpus under 28 U.S.C. § 2241. See Setser, 132 S. Ct. at 1473. The BOP's nunc pro tunc determination is reviewed for abuse of discretion, and the BOP's findings are afforded substantial deference and are entitled to a presumption of regularity. See Trowell v. Beeler, 135 F. App'x 590,

593 (4th Cir. 2005) (unpublished per curiam) (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991)); Jefferson, 688 F. Supp. 2d at 496; see also, e.g., Fegans v. United States, 506 F.3d 1101, 1105 (8th Cir. 2007).

Here, the BOP has repeatedly denied the Plaintiff's nunc pro tunc designation requests. As grounds for some of those denials, the BOP relied in part on the silence of the sentencing court's judgment and commitment order as to the relationship between the Plaintiff's federal and state sentences; silence which the BOP interpreted as precluding subsequent review of the Plaintiff's nunc pro tunc designation requests. Pursuant to the BOP's guidelines as provided in BOP Program Statement 5160.05, when there is a previously imposed sentence–federal or state–in existence at the time of a defendant's federal sentencing, and the federal sentencing judge does not state that those sentences are to run consecutively to or concurrently with one another, the BOP will calculate the sentences as running consecutively, in part in reliance on the presumption of consecutive sentences provided by 18 U.S.C. § 3584(a).

On October 8, 2009, the Plaintiff filed a § 2241 petition, challenging the BOP's denial of one his nunc pro tunc designation requests. On June 7, 2011, the United States District Court for the Eastern District of North Carolina granted summary judgment in the Plaintiff's favor on his § 2241 petition, remanding the matter to the BOP for reconsideration of the Plaintiff's retroactive designation request in accordance with § 3621(b) and the district court's order. See Williams v. Stephens, Civil Action No. 5:09-HC-2131-D, 2011 WL 2269408, at *5 (E.D.N.C. June 7, 2011). The court found that the BOP had placed too much weight on the sentencing judge's silence as concerned the presumption of consecutive sentences articulated in § 3584(a), and that the BOP had thereby

inappropriately treated the sentencing judge's silence as establishing a complete preclusion of further review, instead of a presumption to be employed during that review. Id. at *4. In remanding the matter to the BOP for reconsideration, the district court cited the Fourth Circuit's holding in Trowell for the proposition that the BOP is not required to "consider each factor listed in § 3621, but rather only . . . each factor that is relevant to its decision in ruling on [the Plaintiff's] nunc pro tunc designation request." Williams, 2011 WL 2269408, at *4 (citing Trowell, 135 F. App'x at 596 n.4). The district court concluded its order by stating that if the Plaintiff remained aggrieved following the BOP's subsequent determination of his nunc pro tunc designation request, his proper avenue for relief would be to file another § 2241 petition, at which time the BOP's decision would be reviewed under an abuse of discretion standard. Id.

In July of 2011, following an analysis conducted pursuant to § 3621(b), the BOP issued its decision denying the Plaintiff's request for nunc pro tunc designation. In a "Factors Under 18 USC 3621(b) Worksheet" completed by operations manager Michael Furman and section chief Ronald Riker, the BOP indicated that the Plaintiff's request for a nunc pro tunc designation was denied based "upon factors 2, 3, and 4."

In the instant complaint,[3] the Plaintiff raises three claims under the Federal Tort Claims Act ("FTCA") and seeks $7 million in damages for his alleged injuries. First, he alleges that the United States, acting through the BOP, was negligent in failing to

---

[3] The record in this case contains three complaints. The Plaintiff's initial complaint was filed on July 9, 2014. After the Court issued a notice of deficient pleading, the Plaintiff filed a Court-approved form complaint on July 28, 2014. On October 22, 2014, the Plaintiff filed an amended complaint. The Defendant requested and was granted an extension of time to respond to the amended complaint, and subsequently moved for dismissal, or in the alternative, for summary judgment as to the amended complaint on December 19, 2014. Accordingly, for purposes of this Order, the Court has relied upon the allegations as presented in the Plaintiff's amended complaint.

6

"investigate and remedy his repeated complaints" concerning his consecutive sentences, in failing to consider all applicable and relevant factors under § 3621(b) and in declining to grant his nunc pro tunc request. Second, he alleges that the United States is guilty of false imprisonment, as the BOP's failure to "consider and apply mandatory sentencing guideline provisions" resulted in his unlawful detention. The Plaintiff's third claim echoes the factual basis provided in his first claim, and further alleges negligence per se and negligent supervision and training, based in part on the allegation that the United States "failed to grant his concurrent designation request where certain substantive predicates of its own rules are satisfied and mandate that result."

The Defendant filed a motion to dismiss or, in the alternative, for summary judgment on December 19, 2014. The Plaintiff filed a document captioned as "Plaintiff's motion for summary judgment in reply to Government's motion to dismiss," which was docketed as both a motion for summary judgment and a response to the Defendant's motion.[4] The Defendant filed a reply brief on February 6, 2015. As provided above, Magistrate Judge Kaull conducted a review of the Plaintiff's claims and recommended that the Defendant's motion to dismiss or, in the alternative, for summary judgment be granted. Specifically, the magistrate judge determined that a ruling in the Plaintiff's favor, finding that the BOP negligently evaluated and denied the Plaintiff's nunc pro tunc designation request and thus falsely imprisoned him, would "result in an implicit questioning of the validity of the duration of his sentence." Accordingly, the magistrate judge held that the Plaintiff's claims were barred by the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The

---

[4] Docketed as ECF Number 36 (motion for summary judgment) and ECF Number 37 (response to Government's motion).

Plaintiff timely filed his objections to the magistrate judge's R&R and the Defendant filed a response to those objections. The matter is now ripe for this Court's review.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts

to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine issue as to any material fact and the moving party is entitled to judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

The FTCA creates a limited waiver of the United States' sovereign immunity by permitting actions that seek damages for injuries caused by the tortious conduct of a federal employee, acting within the scope of his or her employment, when a private person would be liable for such conduct under state law. See 28 U.S.C. § 1346(b)(1); Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). In this case, the Plaintiff seeks $7 million in compensatory and punitive damages. Each of the Plaintiff's claims can be fairly described as stemming from the Defendant's allegedly negligent evaluation and denial of the Plaintiff's nunc pro tunc retroactive designation request.

As noted above, the magistrate judge found that the Plaintiff's claims were barred by the Heck doctrine, under which certain claims for damages relating to allegedly unconstitutional conviction or imprisonment must be dismissed if judgment in the prisoner's favor would necessarily imply the invalidity of the prisoner's conviction or sentence, unless the conviction or sentence "has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Heck and its progeny have primarily concerned prisoners' 42 U.S.C. § 1983 claims, but courts have applied the same analysis to other claims asserted by prisoners, including claims raised under the FTCA. See Medrano-Arzate v. United States, Civil Action No. 4:10-CV-0720, 2010 WL 4321541, at *3 (N.D. Ohio Oct. 26, 2010) (finding that an FTCA complaint which asserts a prisoner is being held beyond the length of his sentence is subject to the same principles the Supreme Court identified in Heck, and that those principles should be applied to determine whether the action is cognizable); Deleston v. United States, Civil Action No. 6:12-CV-1108, 2012 WL 1949374, at *2 (D.S.C. May 11, 2012) (collecting cases) ("While Heck involved a § 1983 claim, it is settled that its holding also applies to other types of claims raised by prisoners and not exclusively to causes of action under § 1983."), adopted by 2012 WL 1940754 (D.S.C. May 29, 2012).

In determining whether a district court's judgment would necessarily imply the invalidity of a prisoner's sentence under Heck, including the duration of his incarceration, it is the incarceration ordered by the original judgment of conviction that matters, "not special disciplinary confinement for infraction of prison rules." Muhammad v. Close, 540 U.S. 749, 752 n.1 (2004) (per curiam); see also Wilkinson v. Dotson, 544 U.S. 74, 83 (2005) ("In context, Heck uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement."). In Heck, the Supreme Court clearly envisioned that even when an inmate seeks damages only as a result of alleged procedural wrongs, his claim should still be barred if a judgment establishing a procedural defect would necessarily imply the invalidity of a conviction or sentence.

11

Edwards v. Balisok, 520 U.S. 641, 645-46 (1997).

The Plaintiff argues that his claims concern only the procedure utilized by the BOP in denying his nunc pro tunc designation request, and therefore the Heck bar is not implicated. His argument fails for multiple reasons. As an initial matter, the Court cannot overlook that the Plaintiff's amended complaint expressly seeks the type of relief barred by Heck. For example, the first negligence claim in the Plaintiff's amended complaint alleges, in part, that "[t]he United States, through the [BOP], has breached its legal duty to plaintiff causing the injury of perpetuated false imprisonment where it has neglected to . . . (3) grant his nunc pro tunc request where certain substantive predicates of its rules are satisfied and mandate the granting of his request." Later in the "facts supporting negligence claim" portion of his amended complaint, the Plaintiff avers that "in breaching its duty to . . . (3) designate plaintiff's state institution for concurrent service of his federal sentence, as mandated by policy, the [BOP] neglected to recognize and utilize an executive mechanism for relief to prisoners whose sentences no longer authorized their confinement." The Plaintiff plainly alleges that the BOP was negligent in failing to grant his nunc pro tunc request and in declining to apply a retroactive concurrency to his sentence. In his objections to the R&R, the Plaintiff proffers a refined argument and provides that he "does not seek neither his immediate release nor to invalidate his imprisonment, and does not challenge the length of his sentence." The Court finds this averment disingenuous, but it makes no matter. Under these circumstances, a Court order finding the BOP procedurally negligent in its review of the Plaintiff's request would necessarily imply the invalidity of the duration of the Plaintiff's federal sentences.

Construing the Plaintiff's amended complaint as alleging only procedural wrongs,

this Court is still required to "consider whether a judgment in favor of the plaintiff would *necessarily imply* the invalidity of his conviction or sentence." Heck, 512 U.S. at 487 (emphasis added). If the invalidity of a plaintiff's sentence would be necessarily implied by a district court's judgment, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. The Supreme Court has recognized the possibility, "clearly envisioned by Heck," that the nature of an inmate's challenge to procedure alone "could be such as necessarily to imply the invalidity of the judgment." Edwards, 520 U.S. at 645-46 (holding that a court of appeals was "thus incorrect in asserting that a claim seeking damages only 'for using the wrong procedure, not for reaching the wrong result,' would never be subject to the limitation announced in Heck") (internal citation omitted).

Here, it would be impossible for the Court to grant the Plaintiff's requested relief without necessarily implying the invalidity of his federal sentences. The Plaintiff cannot argue that the BOP failed outright to conduct an evaluation of his nunc pro tunc designation request. Instead, he takes issue with the process the BOP utilized in conducting its evaluation, specifically the BOP's decision to rely on certain § 3621(b) factors and the weight it afforded to those factors. But he offers no actual evidence, and in fact offers no creditable argument, regarding *how* the BOP's review of his request was procedurally negligent. Were this Court to rule in the Plaintiff's favor, it would imply the invalidity of the determination that ultimately resulted from the BOP's allegedly deficient procedure. Therefore, such a ruling would imply the invalidity of the Plaintiff's consecutive federal sentences.

The Plaintiff's argument that his sentences of incarceration have been called into

question by a federal court's issuance of a writ of habeas corpus is equally without merit. See Heck, 512 U.S. at 486-87. In the June 7, 2011 order issued by the court that considered the Plaintiff's § 2241 petition, the court directed the BOP to reconsider the Plaintiff's request for nunc pro tunc designation pursuant to § 3621(b) and the court's opinion. Williams, 2011 WL 2269408, at *5. The Plaintiff offers no evidence that the BOP failed to follow the district court's directives. To the contrary, the "Factors Under 18 USC 3621(b) Worksheet" provided by the Defendant indicates that the BOP reviewed the Plaintiff's nunc pro tunc designation request and denied the request after considering the applicable § 3621(b) factors. Neither the Plaintiff's conviction nor his federal sentences have been invalidated in any way, and he is thus unable to establish that the exception to the Heck bar applies.

Finally, even if the Plaintiff's claims were not barred by the Heck doctrine, the Plaintiff has failed to establish that there exists a genuine issue as to any material fact in this case. His false imprisonment argument is factually contingent upon a finding that the BOP negligently or unlawfully denied his nunc pro tunc designation request. But even when seen in a light most favorable to him and with all inferences in his favor, the Plaintiff's claims are still inadequate as a matter of law.[5] The BOP conducted a review of the

---

[5] The Plaintiff's most specific allegation concerns the BOP's analysis of § 3621(b)(4), "any statement by the court that imposed the sentence." The Plaintiff argues that the BOP "must" consider the statements of the sentencing court before granting or denying a nunc pro tunc designation request. This argument ignores Fourth Circuit precedent. See Trowell, 135 F. App'x at 596 n.4 ("We emphasize that we do not hold that BOP must consider each factor listed in § 3621, but rather only that it must consider each factor that is relevant to its decision in ruling on a nunc pro tunc designation request. We also emphasize that in remanding for the BOP to consider each relevant factor, we do not hold that BOP must give each relevant factor equal weight."). Even if the BOP finds subpart (b)(4) to be applicable to a § 3621 analysis in a given instance, "[i]t is under no statutory obligation to yield to the sentencing judge's recommendation, and indeed, to do so would be an abuse of discretion." Loveless v. Ziegler, Civil Action No. 5:11-CV-00991, 2012 WL 3614315, at *6 (S.D.W. Va. Aug. 21, 2012) (citing Trowell, 135 F. App'x at 596).

Plaintiff's nunc pro tunc designation request and denied his claim based upon an analysis of the applicable § 3621(b) factors. There is no evidence the BOP acted negligently.

## IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Kaull's Report and Recommendation, [ECF 40], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Plaintiff's Objections are **OVERRULED**. The Court **ORDERS** that the Plaintiff's Complaints, [ECF 1; ECF 26], are hereby **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, [ECF 30], is **GRANTED**. The Plaintiff's Motion for Summary Judgment, [ECF 36], is **DENIED**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate order of judgment in favor of the

---

Furthermore, the Plaintiff fails to allege any facts that would allow for a reasonable jury to find that the BOP was negligent in declining to solicit the statements of the Plaintiff's sentencing court. The June 7, 2011 order remanding the Plaintiff's nunc pro tunc designation request to the BOP for reconsideration under § 3621(b) expressly cited Trowell for the proposition that the BOP need only consider "each factor that is relevant to its decision." Williams, 2011 WL 2269408, at *4 (citing Trowell, 135 F. App'x at 596 n.4). As evidenced by the "Factors Under 18 USC 3621(b) Worksheet" found in the record, pursuant to the district court's directives, the BOP conducted a review of the Plaintiff's request and considered the factors that it found relevant to its decision. Under "Factor (4)" on the worksheet, the BOP noted that the federal court's judgment and commitment order was silent on the federal sentences' relation to the Plaintiff's state sentence. Pursuant to the Eastern District of North Carolina's admonition, the BOP did not find this silence to be preclusive of further review, but rather noted that it "implies the [federal] court intended its sentence run consecutive to the state sentence."

Allowing the Plaintiff to play out the string with this argument further demonstrates that the BOP was not negligent in reviewing and denying the Plaintiff's nunc pro tunc designation request. As noted, a review of the transcript of the sentencing hearing held before Judge John A. MacKenzie in the Eastern District of Virginia demonstrates that if the judge intended to convey any intent as to the relationship between the Plaintiff's state and federal sentences, it was that they were to run consecutive to each other. This Court notes that Judge MacKenzie retired in 1998 and passed away in 2010, while the Plaintiff's § 2241 petition was remanded to the BOP for reconsideration in 2011. See Biographical Directory of Federal Judges - MacKenzie, John Ashton, Federal Judicial Center (last visited June 16, 2015), http://www.fjc.gov/servlet/nGetInfo?jid=1454.

Defendant, pursuant to Federal Rule of Civil Procedure 58.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED:** June 16, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE